UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN J. WHITE<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,[1]<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. 12-CV-136-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.15, 18.) Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney David J. Burdett represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec.6.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Susan J. White (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on March 25, 2009. (Tr. 167, 121, 196.) Plaintiff alleged an onset date of May 1, 2008. (Tr. 59, 167, 171.) Benefits were denied initially and on reconsideration. (Tr. 104, 109, 114.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

James W. Sherry on August 10, 2010. (Tr. 57-98.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 59-89.) Vocational expert Sharon Welter also testified. (Tr. 89-98.) The ALJ denied benefits (Tr. 33-43) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 53 years old at the time of the hearing. (Tr. 60.) She has a high school education plus two years of college. (Tr. 61.) She has work experience as a district manager for junior newspaper routes, in manufactured home design, as a gas pump and cigarette sales window attendant, as a furniture sander, in customer service and sales for home and lumber stores, and as an assembly line worker. (Tr. 63-67.) She testified her neck is severely damaged and she has a hard time moving her head and arms. (Tr. 69.) Her hip does not work properly and affects the way she walks. (Tr. 69.) She has ankle, knee, low back and mid-back problems. (Tr. 69.) She has recurrent lipomas. (Tr. 70.) She had a shoulder lipoma that caused her arm to ache and hurt until it was removed in 2008. (Tr. 70.) She had Bells Palsy. (Tr. 71.) Her symptoms improved but her eyes and mouth have "never come all the way back." (Tr. 71-72.) Her speech is affected and her eye is droopy. (Tr. 72-73.) Her vision problems are corrected by special glasses. (Tr. 73-74.) Plaintiff's diabetes is under control. (Tr. 76.) She takes pain medication without side effects but her symptoms are not well controlled. (Tr. 77.) She has pain whenever she tries to do something like folding laundry, washing dishes, or sweeping. (Tr. 77.) The pain is in different areas at different times, depending on the job she is doing. (Tr. 77.) Her neck, back, shoulder blades, low back, hips and feet all hurt at various times. (Tr. 77-78.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since May 1, 2008, the alleged onset date. (Tr. 35.) At step two, the ALJ found plaintiff has a severe combination of physical impairments and severe mental impairments including: cervical degenerative disc disease, lumbar degenerative disc disease with facet degeneration; right shoulder AC degenerative joint disease; type II diabetes; stage III kidney disease; hypertension; right Bell's palsy with incomplete recovery; right hip arthritis; obesity; major depressive disorder, recurrent and moderate, an undifferentiated somatoform disorder; and a personality disorder with schizotypal features. (Tr. 35.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 36.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform a limited range of light work. Specifically, the claimant can lift no more than 20 pounds at a time, frequently lift or carry 10 pounds, stand/walk 6 of 8 hours, sit 6 of 8 hours, and push/pull without restriction within the weight restrictions for lift/carry. In addition, she can frequently climb ramps or stairs, never climb ladders, ropes or scaffolds, as well as, frequently balance, stoop, crouch, kneel, crawl, and reach overhead with the right upper extremity. As to mental residual functional capacity, the claimant can perform simple, routine, and repetitive tasks with no fast-paced production requirements and no public contact.

(Tr. 37.) At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 41.) Alternatively, after considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determined there are other jobs existing in significant numbers in the national economy that plaintiff also can perform. (Tr. 42.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from May 1, 2008, through the date of the decision. (Tr. 43.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) erred in assessing plaintiff's credibility; (2) erred in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

assessing plaintiff's residual functional capacity; and (3) failed to pose a proper hypothetical to the vocational expert. (ECF No.16 at 14-20.) Defendant argues: (1) the ALJ reasonably concluded the plaintiff was not credible; (2) the residual functional capacity finding adequately accommodated plaintiff's credible limitations; and (3) an award of benefits is not appropriate . (ECF No. 19 at 6-15.)

**DISCUSSION**

**1.   Credibility**

Plaintiff argues the ALJ erred in assessing plaintiff's credibility. (ECF no. 16 at 16-18.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan*

*v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ concluded that plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the RFC finding. (Tr. 38.) Plaintiff asserts the ALJ's credibility finding is "not based on any convincing evidence." (ECF No. 16 at 17.) In support, plaintiff points to a finding that psychological testing was determined to be valid and to objective evidence of orthopedic abnormalities. (ECF No. 16 at 17.) Plaintiff does not cite any other evidence or make any further argument in support of her assertion that the ALJ's credibility finding is flawed. By contrast, the ALJ discussed the evidence in detail, citing to the record and explaining the justification for the credibility finding.

The ALJ's first reason for rejecting plaintiff's testimony is that it is not consistent with the objective evidence. (Tr. 38-39.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). For example, the ALJ pointed out that CT scans of the cervical and lumbar spine showed only mild disc bulges or degenerative changes and imaging of the right hip was unremarkable.[2] (Tr. 38, 505, 540-41.) The ALJ also pointed out plaintiff's back symptoms and hip pain improved with treatment. (Tr. 38.) An impairment that can be effectively controlled with treatment is not disabling. *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006.) Plaintiff's back symptoms improved with physical therapy and medication and her hip symptoms improved with physical therapy. (Tr. 38, 339, 368.) The ALJ also discussed specific evidence reflecting plaintiff's shoulder pain,

---

[2] It is noted an MRI of plaintiff's hip dated March 17, 2011, after the date of the ALJ's decision, includes a finding of chronic partial tear of the distal anterior gluteus medius tendon with mild associated bursitis and mild tendinosis of the gluteus minimus tendon. (Tr. 754.) The MRI is part of the record considered by the court because it was considered by the Appeals Council in denying review. (Tr. 1-5), *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1159 -1160 (9th Cir. 2012). Plaintiff does not mention or make any argument pertaining to this evidence. The court concludes it is not relevant to the period covered by the ALJ's decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

Bell's Palsy, kidney function, and mental impairments are less limiting than alleged. (Tr. 38-39.) The ALJ cited substantial evidence supporting this clear and convincing reason for the negative credibility finding.

Another reason mentioned by the ALJ in rejecting plaintiff's testimony is that her daily functioning and other reported activities are inconsistent with the disabling symptoms alleged. (Tr. 39.)It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ pointed out plaintiff lives alone on five acres of land. (Tr. 39, 435.) She performs a wide range of activities including hauling one gallon jugs of water to her home and scavenging for and hauling firewood to heat her home, and can change her oil and tires and do plumbing and wiring. (Tr. 39, 78-83, 436, 587.) She does household chores such as dishwashing and sweeping. (Tr. 39, 188.) She testified she walks a mile to town for groceries. (Tr. 86.) She attends church twice a week and she has some supportive friends and visits with neighbors. (Tr. 39, 85, 190.) The ALJ reasonably concluded these activities are inconsistent with the disabling symptoms alleged. This is therefore a clear and convincing reason for rejecting plaintiff's testimony regarding her limitations.

Lastly, the ALJ noted plaintiff gave inconsistent statements about why she stopped working. (Tr. 39.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). At the hearing, plaintiff testified she quit working to collect vacation pay in order to pay some bills. (Tr. 88.) On a disability questionnaire, plaintiff reported she stopped working due to a medical condition. (Tr. 199.) She told a psychologist she was let go from her last restaurant job due to the employer's concern over her physical health and safety. (Tr. 330.) The ALJ concluded these apparent inconsistencies put plaintiff's veracity in question. (Tr. 39.) However, at the hearing, after plaintiff mentioned she quit a job to collect vacation pay, she went on to state, "I was going to go into janitorial work and house cleaning. I found out I couldn't do it. My body wouldn't let me do that stuff anymore. I tried it for a while in 2007, and I had a job in a restaurant called the Country Corner in 2007." She testified that her ankle was bothering her and she "hobbled pretty fast, but probably

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

not fast enough for the customers." (Tr. 88-89.) It is not clear why plaintiff first answered that she quit her last job to pay bills, then described a later job at a restaurant. Nonetheless, the psychologist's record is essentially consistent with plaintiff's testimony, which is that she last attempted work at a restaurant and could not do the work. Therefore, substantial evidence does not support the conclusion that plaintiff was lying or misleading in her statements about her reason for leaving her last job. This error, however, is harmless because the ALJ cited other clear and convincing reasons supported by substantial evidence justifying the negative credibility finding. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)

In all, the ALJ's credibility finding is well-supported by citations to the record which reflect substantial evidence supporting clear and convincing reasons to reject plaintiff's testimony. Plaintiff's argument does not address the ALJ's reasons for rejecting her testimony. Plaintiff points out that plaintiff's MMPI testing profile was valid,[3] presumably to suggest plaintiff is credible. Regardless of the meaning of a "valid" MMPI profile, the ALJ gave legally sufficient reasons supported by substantial evidence for rejecting plaintiff's testimony which are not challenged or discussed by plaintiff. Similarly, plaintiff's observation that objective evidence of orthopedic abnormalities exist does not address the ALJ's detailed discussion of the objective evidence suggesting lesser limitations than those alleged by plaintiff. Further, as pointed out by defendant, the existence of some evidence favorable to plaintiff does not undermine the ALJ's findings. To the extent there is a conflict in the evidence, it is the role of the ALJ, not this court, to resolve the conflict. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The ALJ reasonably concluded that plaintiff's claims about her limitations are not completely supported by the evidence, and to the extent her claims exceed the residual functional capacity finding, the ALJ reasonably determined her claimed limitations are not credible.

---

[3]Interestingly, plaintiff's MMPI profile "is consistent with those of individuals who report a wide variety of physical symptoms that tend to be localized in the head and the extremities. They generally lack real concern about these physical symptoms, which tend to wax and wane." (Tr. 331.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

**2.     Residual Functional Capacity**

Plaintiff takes issue with the ALJ's assessment of her residual functional capacity and asserts it is "incomplete as a matter of law." (ECF No. 16 at 18.) The ALJ must examine a claimant's RFC and the physical and mental demands of the claimant's past relevant work at step four of the sequential process. 20 C.F.R. § 404.1520(e). RFC is what an individual can still do despite his or her limitations. S.S.R. 96-8p. Plaintiff contends the ALJ should have included the limitations from a psychological evaluation conducted by Brooke Sjostrom, M.S. and a limitation assessed by the state reviewing psychologist, Dr. Nelson. (ECF No. 16 at 18.)

Ms. Sjostrom prepared a psychological assessment report and completed a DSHS Psychological/Psychiatric Evaluation form on February 17, 2009.[4] (Tr. 325-33.) She assessed one moderate cognitive limitation and two moderate and three marked social limitations. (Tr. 327.) Plaintiff argues the ALJ should have found as a matter of law that plaintiff has psychological limitations in areas assessed by Ms. Sjostrom as marked limitations: her ability to work around the public; her ability to relate to co-workers and supervisors; and her ability to handle stress and maintain appropriate behavior. (ECF No. 16 at 18, Tr. 327.)

First, plaintiff's argument fails to note the ALJ included mental limitations in the RFC finding. The RFC includes a limitation of "no public contact" (Tr. 37) so that portion of Ms. Sjostrom's findings is accounted for in the ALJ's finding. Second and more significantly, the ALJ gave little weight to Ms. Sjostrom's opinion.[5] The ALJ found the marked limitations assessed by Ms. Sjostrom are inconsistent with plaintiff's presentation and performance on exam and with her wide range of daily functioning and

---

[4]The narrative report was co-signed by and co-signed by Mahlon Dalley, Ph.D who adopted the report and findings as his own. (Tr. 333.) Dr. Dalley also signed the DSHS evaluation as the "releasing authority." (Tr. 328.)

[5]If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Ms. Sjostrom's findings are contradicted by the findings of Dr. Nelson who concluded plaintiff has less restricting limitations. (Tr. 427-29.) Therefore, the ALJ was required to cite specific, legitimate reasons supported by substantial evidence in rejecting the opinion of Ms. Sjostrom and Dr. Dalley.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

other reported activities. These are both specific, legitimate reasons for rejecting the opinion of an examining physician. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-602 (9th Cir. 1999). Plaintiff fails to challenge this conclusion or identify any error by the ALJ.

Dr. Nelson, a state reviewing psychologist, completed a Mental Residual Functional Capacity Assessment form on August 21, 2009. (Tr. 427-29.) He assessed moderate limitations in four areas and provided a narrative functional capacity assessment. (Tr. 427-29.) The ALJ found Dr. Nelson's opinion is consistent with plaintiff's presentation and performance on exam and during the course of treatment and gave significant weight to the opinion. (Tr. 40.) However, plaintiff asserts the ALJ erred by failing to include Dr. Nelson's note that plaintiff "would benefit from an understanding supervisor" (Tr. 429) in the residual functional capacity finding. (ECF No. 16 at 18.) The ALJ found Dr. Nelson's statement that plaintiff would benefit from an understanding supervisor is not a functional limitation. (Tr. 40.) Defendant argues it is a suggestion rather than a limitation because neither the DOT nor the regulations contemplate the personalities of supervisors in any particular provision. (ECF No. 19 at 12.) The court concludes the ALJ reasonably determined that "would benefit from an understanding supervisor" is not a functional mental limitation and the ALJ did not err by failing to include the phrase in the RFC.

**3.     Hypothetical**

Plaintiff argues the ALJ failed to pose an adequate hypothetical to the vocational expert. (ECF No. 16 at 18.) The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Plaintiff's argument is based on the assumption that the ALJ erred in considering plaintiff's testimony and in formulating the RFC. Because the ALJ did not err in making the credibility finding or in developing the RFC, the hypothetical contained the limitations the ALJ found to be credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005). Thus, the ALJ did not err.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 15)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED August 28, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12